IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINCY TILLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:13cv342-MEF |
| | ) (WO) |
| JEFFERY OWENS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

On May 21, 2013, the plaintiff, Quincy Tillis ("Tillis"), filed this action pursuant to 42 U.S.C. § 1983, alleging that he was "unlawfully restrianed (sic) . . . by virtue of an erroneous warrant improperly is (sic) for one Charles Edward Williams" in violation of his constitutional rights. (Doc. # 1 at 1). The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331.

Now pending before the court are the motions to dismiss (docs. # 11, 13 & 16) filed by defendants Pike County Sheriff's Department, Troy Police Department, Jeffery Owens and the Alabama Alcoholic Beverage Control Board. Also pending before the court is the plaintiff's motion to amend the complaint (doc. # 22) and motion to appoint counsel (doc. # 28). The court heard oral argument on the motions on August 13, 2013. For the reasons as stated in open court and after careful review, the court concludes that the defendants' motions to dismiss should be granted, and this case should be dismissed.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and

emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 550 U.S. 662. A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*, 132 F.3d at 1369 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th

Cir.1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)).

## FACTS[1]

Construing Tillis' complaint liberally in light of his *pro se* status, and relying on Tillis' own description of the facts at oral argument, it appears that Tillis is challenging actions taken by officers executing a search warrant at a residence where Tillis was playing dominos and watching a ball game. According to Tillis, he and his friend were in the back of the residence playing dominos and watching a ball game when police officers wielding large firearms burst into the house and demanded that he get on the floor. It is undisputed that the officers had a warrant for the residence.[2]

The officers called him "Charles Williams," placed him on the ground, and handcuffed him. When Tillis told the officers that he was not Williams, an officer asked for identification. Tillis directed the officer to his identification in the left front pocket of his pants. When the officer looked at Tillis' driver's license and realized that he was not Charles Williams, the officer removed the handcuffs and told Tillis he was free to go.

According to Tillis, as a result of the officers pointing weapons at him, he now suffers from nightmares.

---

[1] At this stage of the proceedings, for purposes of ruling on the motions to dismiss, the facts alleged in the complaint and reasonable inferences to be drawn there from are set forth in the light most favorable to the plaintiff. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

[2] According to Tillis, the residence was leased to Leroy Grubbs, not to Charles Williams.

## DISCUSSION

**A.     Defendants - Pike County Sheriff's Department and Troy Police Department.**

To the extent that the plaintiff seeks to sue the Pike County Sheriff's Department and the Troy Police Department, these entities are not legal entities subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The court therefore concludes that the plaintiff's claims against the Pike County Sheriff's Department and the Troy Police Department are due to be dismissed.

**B.     Constitutional Claims**. Tillis contends that the actions of the officers of placing him on the ground and handcuffing him violated his constitutional rights. Although Tillis complains that his constitutional rights were violated by the defendants, he must do more than simply assert that he is entitled to relief. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). *See also Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (plaintiff's "complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level" *quoting Twombly, supra*). Tillis' complaint, and the facts as he described them, are simply insufficient as a matter of law to establish a violation of his constitutional rights.

Detention of a person present at a place to be searched pursuant to a warrant is permissible under *Michigan v. Summers*, 452 U.S. 692 (1981) and *Muehler v. Mena*, 544 U.S.

5

93 (2005). Law enforcement officers are permitted to detain individuals at a residence as a detention incident to the execution of a search warrant, and may physically restrain those individuals.

> In *Summers,* the Court defined an important category of cases in which detention is allowed without probable cause to arrest for a crime. It permitted officers executing a search warrant "to detain the occupants of the premises while a proper search is conducted." 452 U.S., at 705, 101 S.Ct. 2587. The rule in *Summers* extends farther than some earlier exceptions because it does not require law enforcement to have particular suspicion that an individual is involved in criminal activity or poses a specific danger to the officers. *Muehler v. Mena,* 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005). In *Muehler,* applying the rule in *Summers,* the Court stated: "An officer's authority to detain incident to a search is categorical; it does not depend on the 'quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure.' " 544 U.S., at 98, 125 S.Ct. 1465 (quoting *Summers, supra,* at 705, n. 19, 101 S.Ct. 2587). The rule announced in *Summers* allows detention incident to the execution of a search warrant "because the character of the additional intrusion caused by detention is slight and because the justifications for detention are substantial." *Muehler, supra,* at 98, 125 S.Ct. 1465.

*Bailey v. United States,* 133 S.Ct. 1031, 1037-1038 (2013).

The facts of this case are on all fours with the facts in *Muehler, supra.* In *Muehler*, the Court held that the detention of an individual in handcuffs during the execution of a search warrant did not violate the Fourth Amendment. "We hold that [the plaintiff's] detention in handcuffs for the length of the search was consistent with our opinion in *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981)." *Mueller*, 544 U.S. at 95. *See also Croom v. Balkwill*, 645 F.3d 1240, 1253 (11th Cir. 2011) ("the facts as alleged by [Tillis] would fail to establish a Fourth Amendment violation even if they were proven to be true at trial.") Therefore, pursuant to FED.R.CIV.P. 12(b)(6), the facts as pled by Tillis do not state a claim for

relief that is plausible on its face. *Iqbal*, *supra*. Consequently, the court concludes that the facts as alleged by Tillis do not constitute a violation of his constitutional rights.[3]

      **C.**     **Motion to Amend**. Also pending before the court is Tillis' motion to amend his complaint (doc. # 22) in which he seeks to add additional defendants. However, Tillis simply lists additional defendants without stating any facts in support of his motion to amend. Under FED.R.CIV.P. 15(a)(2), a "court should freely give live to amend when justice so requires." "A district court need not, however, allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 1001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). For the reasons already stated, the facts as described by Tillis do not rise to a constitutional violation. Consequently, adding additional defendants would be futile. Accordingly, the motion to amend (doc. # 22) is due to be denied. *Foman*, 371 U.S. at 182 (holding that "the grant or denial of an opportunity to amend is within the discretion of the District Court," and that leave to amend need not be given when the amendment would be futile).

## CONCLUSION

     For the reasons stated above, it is the RECOMMENDATION of the MAGISTRATE JUDGE that the defendants' motions to dismiss (docs. ## 11, 13 & 16) be GRANTED and this case be DISMISSED with prejudice. It is further

---

[3] To the extext that Tillis complains that the warrant was invalid because it erroneously identified Williams as the owner of the residence when it was in fact leased to Grubbs, he is entitled to no relief on this basis. "[S]o long as the warrant and its execution were sufficient to justify the reliance of an objectively reasonable officer in the defendants' positions, any technical defect in its execution is irrelevant." *Croom*, 645 F.3d at 1249.

ORDERED that the plaintiff's motion to amend (doc. # 22) and motion for appointment of counsel (doc. # 28) be and are hereby DENIED as futile. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 28, 2013.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of August, 2013.

                                                /s/Charles S. Coody
                                                CHARLES S. COODY
                                                UNITED STATES MAGISTRATE JUDGE